958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SONITROL SERVICE CORPORATION, Plaintiff-Appellant,
v.
SONITROL DISTRIBUTING CORPORATION; and Sonitrol
Corporation, Defendants-Appellees.
 No. 91-3396.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Beginning in 1972, plaintiff in this case, Sonitrol Service, and one of the defendants, Sonitrol Distributing, operated under a distributorship agreement in which plaintiff was the exclusive distributor of Sonitrol security products in Ohio and Pennsylvania. Sonitrol Distributing was the wholly owned subsidiary of the other defendant, Sonitrol.
 
 
 2
 In 1981, a disagreement arose concerning certain obligations under the agreement, and plaintiff sued Sonitrol. This dispute eventually was resolved by settlement in 1985, and the district court dismissed the lawsuit. Within months, another dispute arose; this time as to whether, under the terms of the settlement, plaintiff owed any additional money to Sonitrol. On April 7, 1986, Sonitrol advised plaintiff that the distributorship agreement would be terminated if payment of the money Sonitrol said it was owed was not made within thirty days. Plaintiff refused to pay until the court determined whether money was in fact due. On May 8, 1986, Sonitrol terminated the distributorship agreement for "failure to pay sums within thirty (30) days after the due date."[1]
 
 
 3
 There followed a barrage of filings from plaintiff, including motions for relief from the judgment which adopted the settlement and dismissed the case, for specific performance of the settlement agreement, for injunctive relief, to file a supplemental complaint, and to alter or amend rulings of the court. All apparently were designed to obtain a ruling from the district court that plaintiff was not indebted to Sonitrol and Sonitrol's termination of the distributorship agreement was improper. In the course of denying relief to plaintiff, the district court determined that plaintiff owed the amount claimed by Sonitrol. In response to that determination, plaintiff paid Sonitrol.
 
 
 4
 Plaintiff then filed the action upon which this appeal is predicated, asking the district court to determine that plaintiff was not in default of the distributorship agreement and that its termination was wrongful. Both defendants were named in that complaint. The case was assigned to a different district judge, who, in response to defendants' motion for summary judgment, concluded that the previous holding that plaintiff owed Sonitrol money was dispositive of the issues raised in the second suit, and that the action therefore was barred by considerations of res judicata and collateral estoppel.
 
 I.
 
 5
 On appeal, plaintiff argues that its action was not barred because the judge in the first lawsuit refused to reach the issue presented by this case; that while he ruled that the money was due, he made no determination as to the effect of that ruling upon the termination provision of the distributorship agreement.
 
 
 6
 An issue may be precluded in a subsequent litigation involving a different cause of action if that issue was actually decided in the prior proceeding. Taylor v. Monroe, 109 N.E.2d 271, 275 (Ohio 1952). The issues actually litigated and determined in a prior proceeding are precluded as far as subsequent determination is concerned. Kelly v. Georgia-Pacific Corp., 545 N.E.2d 1244, 1248 (Ohio 1989); National Labor Relations Bd. v. Master Slack Corp., 773 F.2d 77, 81 (6th Cir.1985). Under the plain language of the distributorship agreement, the first determination that necessarily would confront the district court would be whether money was due Sonitrol from plaintiff. Since this question was decided in the earlier litigation, it cannot now be relitigated. Under the distributorship agreement, "[f]ailure to pay any such sums within 30 days after the due date and written notice will constitute a material breach ... and a ground for default." Thus, a determination that plaintiff owed money to Sonitrol is dispositive of plaintiff's default and Sonitrol's right to terminate.
 
 II.
 
 7
 Plaintiff also argues that, since the distributorship agreement was between plaintiff and Sonitrol Distributing, nonpayment of monies owed to Sonitrol cannot serve as a basis for default and termination. This argument is raised for the first time on appeal. In the district court, plaintiff actually pleaded in its complaint that Sonitrol Corporation and Sonitrol Distributing were "united in interest for the purpose of this suit, and ... referred to herein jointly." Plaintiff also failed to raise the issue in response to defendants' motion for summary judgment.
 
 
 8
 Nor has plaintiff demonstrated that we must notice this issue on appeal on the ground that its proper resolution is manifestly clear, or that consideration is necessary to avoid an injustice which might otherwise result. United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1986). Since it is not at all clear from the record that defendants were not "united in interest" when plaintiff dealt with them, we decline to consider the issue for the first time on appeal.
 
 III.
 
 9
 For the reasons stated, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Termination was said to be based upon paragraph 13 of the distributorship agreement, which provided in part that:
 In the event of any failure by a party to pay amounts due to the other party, the other party's expenses in collecting them, including costs and reasonable attorneys' fees, shall be paid by the delinquent party. Failure to pay any such sums within 30 days after the due date and written notice will constitute a material breach of this Agreement and a ground for default.